IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | CIVIL ACTION |
| v. ) ) | No. 03-2193-CM |
| **WALL STREET UNDERGROUND, INC.,** ) **a Delaware Corporation, et al.,** ) ) | |
| **Defendants.** ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Nicholas A. Guarino Jr.'s Motion to Review and Set Aside Order Directing Service by Publication (Doc. 202).

**I.   Background**

On September 9, 2004, plaintiff filed a motion requesting service by publication as to defendant Nicholas A. Guarino, Jr. On September 10, 2004, Magistrate Judge O'Hara granted the motion, finding that plaintiff diligently attempted to effect personal service on defendant Guarino, and that defendant Guarino clearly had notice of the action and was actively participating in the defense of the action. Defendant Guarino argues that Judge O'Hara's order should be set aside as clearly erroneous and contrary to law because Judge O'Hara ruled before defendant Guarino had sufficient time to respond

**II.   Analysis**

When reviewing a magistrate's order on a nondispositive matter, the district court follows a "clearly erroneous or contrary to the law" standard of review. Fed. R. Civ. P. 72(a); *Ocelot Oil Corp. v. Sparrow*

*Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). This standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Service by publication is governed by Fed. R. Civ. P. 4(f)(3), which states that "service upon an individual . . . may be effected in a place not within any judicial district of the United States . . . by [any] means . . . directed by the court." Service by publication is proper where it is not reasonably possible or practicable to give more adequate notice. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). To meet the requirements of procedural due process, the notice "must be of such nature as to reasonably convey information" of the proceeding. *Id.* at 314.

In the instant case, plaintiff first attempted to effect service of process on defendant Guarino by leaving a copy of the summons and complaint at his usual place of residence in Sarasota, Florida. Defendant Guarino provided evidence to the court that his residence through the year 2002 was actually Oak Ridge, Roatan, Honduras. Plaintiff then attempted to effect service of process on defendant Guarino at this new place of residence, but was unable to locate him despite assistance from the Honduran government. Through information received from several agencies, plaintiff has recently learned that defendant resides on a boat which is registered in Belize and often docked in Gibraltar. Plaintiff failed to locate defendant Guarino prior to the court's deadline for effecting service of process and moved for an order directing service by publication. Judge O'Hara granted the motion upon a showing that it was not reasonably possible or practicable for plaintiff to effect personal service on defendant Guarino.

Defendant Guarino alleges that Judge O'Hara's order, which was entered one day after plaintiff filed its motion, violates Local Rule 6.1(d) and is therefore clearly erroneous and contrary to the law. Defendant Guarino also argues that because he was unable to respond to plaintiff's motion, Rule 6.1(d) precludes the court from entering of an order before the time period allowed for defendant Guarino's response has passed. However, the language of Rule 6.1(d) affords full discretion to the court to modify the time periods allowed for response. *See* D. Kan. Rule 6.1(d) (setting forth specific filing deadlines "unless otherwise ordered by the court").

The court finds that Judge O'Hara's order directing service by publication as to defendant Guarino is not clearly erroneous or contrary to the law because the circumstances of the case, as discussed above, justify service by publication.

**IT IS THEREFORE ORDERED** that defendant Nicholas A. Guarino Jr.'s Motion to Review and Set Aside Order Directing Service by Publication (Doc. 202) is denied.

Dated this 16th day of August 2005, at Kansas City, Kansas.

 /s Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**