IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **COMMODITIES FUTURE TRADING COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION ) ) No. 03-2193-CM |
| **WALL STREET UNDERGROUND, INC, et al.,** | ) ) ) |
| **Defendants.** | ) ) ) |

**ORDER OF DEFAULT JUDGMENT FOR PERMANENT INJUNCTION, RESTITUTION AND CIVIL MONETARY PENALTY AGAINST WALL STREET UNDERGROUND, INC., AND NICHOLAS A. GUARINO**

Plaintiff, Commodity Futures Trading Commission ("Commission"), on April 22, 2003, filed a Complaint against Defendants, Wall Street Underground, Inc. ("WSU"), Web Fulfillment Centre, Inc. ("Web"), Derek Abrahams ("Abrahams"), Nicholas A. Guarino, Jr. ("Guarino") and Frank Asaro ("Asaro"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2004). On July 18, 2003, the Court entered a Preliminary Injunction against Defendants Guarino and WSU, among others. Defendants Guarino and WSU did not timely plead or otherwise defend as to the complaint within the time permitted by the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or as extended by court order, and the Commission moved for a default judgment of permanent injunction.

This Court has considered the complaint, declarations, exhibits, memorandum in support of the renewed motion for entry of default judgment against Guarino and WSU and

other papers filed herein, and being fully advised in the premises;

THE COURT FINDS:

1. This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provisions of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(e), in that Guarino and WSU are found in, inhabit, or transact business in this district, and the acts and practices alleged to be in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. On April 25, 2003, Defendant WSU, through its registered agent, was properly served with the Summons and Complaint. However, WSU failed to plead or otherwise defend as to the complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). WSU's default has been entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a).

4. Defendant Guarino was served by publication on September 20, 2004, through September 29, 2004. Guarino's default has been entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a).

5. On August 16, 2005, this court denied Guarino's Motion to Review and Set Aside Order Directing Service by Publication.

6. On August 22, 2005, this court issued a Memorandum and Order taking under advisement Guarino's Motion to Set Aside Default, Quash Service and Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve, and ordered Guarino

to file an answer to plaintiff's complaint by September 2, 2005. The court found that Guarino received constructive notice of the filing of the action when the Commission served him by publication in the Kansas City Star over the course of four days in September 2004, and that he had actual notice because he was actively litigating the case.

7. On September 19, 2005, the court sent copies of its earlier orders by certified mail to Guarino's last address of record. The court also extended Guarino's deadline for filing an answer to the complaint until September 29, 2005. In both its August 22, 2005 and September 19, 2005 Orders, the court stated that Guarino's failure to file an answer by the prescribed deadline would result in the court denying his motion to set aside the default. The certified mail receipt was returned unclaimed.

8. On October 21, 2005, the court found, among other things, that Guarino, acting *pro se*, failed to provide the Court with an updated address as required by Local Rule 5.1(c) and had been unavailable for some time. Thus, Guarino failed to defend the case and his motion to set aside the default was denied.

9. Upon review of the record, this court finds that it has personal jurisdiction over WSU and Guarino because Guarino and WSU had sufficient contacts with the state of Kansas to satisfy due process.

10. The allegations of the complaint are well-pleaded and hereby taken as true. This Order is supported by the following facts.

### The Parties

11.     Plaintiff Commission is an independent federal regulatory agency charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (2002), and the Regulations promulgated under it, 17 C.F.R. §§ 1 et seq. (2001).

12.     Defendant, WSU is a Delaware corporation and has never been registered with the Commission in any capacity.  WSU operated out of the offices of codefendant Web located in Merriam, Kansas.

13.     Defendant Guarino was at all relevant times the principal of WSU.  He was registered with the Commission as a commodity trading advisor ("CTA") in 1985 and 1986.  In 1987, Guarino's firm, H.G.S.E. Commodities, Inc., was expelled from membership by the National Futures Association ("NFA") for violations of its rules, including commingling customer segregated funds with the funds of others and the use of deceptive and misleading promotional material.  The NFA specifically found Guarino to be responsible for H.G.S.E.'s violations of NFA rules and barred him from membership.

14.     In March 1992, Guarino pled guilty to one felony count of mail fraud and one count of wire fraud for his activities and was sentenced to two years in prison by the United States District Court for the Western District of Arkansas

### The Mechanics of WSU's Operations

15.     The WSU promotional materials used to market the trading recommendation services offered by WSU and Guarino to the public make overstated claims of profitability and did not disclose the inherent risks associated with trading futures and options contracts.  The WSU promotional materials did not explain to customers the

volatility of the markets and the potential for substantial losses. WSU and Guarino intentionally failed to disclose in the WSU promotional materials that Guarino was a convicted felon. Neither did they disclose that the NFA had expelled Guarino's firm from membership in the NFA.

16. The customers who purchased Guarino and WSU's products relied on Guarino's false statements and deceptive omissions. As a result, many of the customers opened accounts at various future commission merchants ("FCMs") and incurred significant losses.

17. Guarino and WSU intentionally advertised that, along with the purchase of the trading recommendation service, the service included a 100%, and at times a 200%, money-back guarantee of satisfaction.

18. Customers who received refunds have waited anywhere from three months to two years before receiving them. WSU and Guarino advertised that customers could get a refund if they did not make millions using the trading recommendation services offered by them.

19. The Kansas Attorney General received at least 350 complaints from individuals around the country who requested refunds from WSU and who did not receive refunds. At least eight of the complainants were citizens of Kansas.

20. Guarino and WSU solicited citizens of Kansas, among other places, banked in Kansas but channeled funds offshore to a bank account for WSU in the Cayman Islands, sold subscriptions and trading systems from its office in Merriam, Kansas by US Mail, email and through its internet website, and defrauded and caused harm to Kansas citizens and others.

Violations of the Commodity Exchange Act and Regulations

21. WSU and Guarino have acted as commodity trading advisors ("CTAs") because they gave specific buy and sell recommendations for compensation or profit.

22. While acting as CTAs, WSU and Guarino have committed fraud in violation of Section $4o(1)(A)$ and $4o(1)(B)$ of the Act, 7 U.S.C. §§ $6o(1)(A)$ and $6o(1)(B)$ (2002) and Commission Regulation 4.41(a), 17 C.F.R. § 4.41(a) (2004) by misrepresenting and failing to disclose material facts.

Need for Permanent Injunctive and Other Ancillary Equitable Relief

23. The Plaintiff has made a showing that Guarino and WSU have engaged, are engaging, or are about to engage in acts and practices that violate Sections $4o(1)$ of the Act, and Regulations 4.41(a), promulgated thereunder. The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that Guarino and WSU will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations. The imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act. Furthermore, the gravity of Guarino's and WSU's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty against Guarino and WSU.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment shall be and hereby is entered in favor of Plaintiff Commission and against defendants Guarino and WSU as follows:

A. Guarino and WSU are hereby permanently enjoined from directly or indirectly:

1. Employing any device, scheme, or artifice to defraud any client or prospective client; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act; and

2. Advertising in a manner which employs any device, scheme or artifice to defraud any client or prospective client; or advertising in a manner which involves any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client, in violation of Regulation 4.41(a).

B. Guarino and WSU are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

1. Employing any device, scheme, or artifice to defraud any client or prospective client; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act and Regulation 4.41(a);

2. Engaging in, controlling, or directing the trading of any commodity futures and options accounts, on their own behalf or on behalf of any other person or entity, whether by power of attorney or otherwise;

3. Placing orders, giving advice or price quotations of other information in connection with the purchase or sale of commodity futures and options contracts for themselves and others;

4. Introducing customers to any other person engaged in the business of trading in commodity futures and options; and

5. Otherwise engaging in any business activities related to commodity futures and options trading that require registration.

C. The injunctive provisions of this Order shall be binding on Guarino and WSU, upon any person insofar as he or she is acting in the capacity of agent, servant, employee, successor, assign, or attorney of Guarino or WSU, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is

acting in active concert or participation with Guarino or WSU.

Restitution

D.      Guarino and WSU are jointly and severally liable for, and a judgment is hereby entered in favor of the Plaintiff Commission and against Guarino and WSU in the amount of $2,374,582.00 representing restitution ("Restitution Amount").  Upon entry of this Order, Guarino and WSU, jointly and severally, shall immediately pay the Restitution Amount to make whole each and every customer whose funds were received by Guarino and WSU and who were harmed by the wrongful acts as alleged in the Complaint.  Guarino and WSU shall pay the Restitution Amount to the Court-appointed Receiver.

Civil Monetary Penalty

E.      Guarino and WSU are ordered to pay to the Plaintiff Commission a civil monetary penalty in the amount of $7,123,746.00, which represents the statutorily prescribed penalty amount of three times the monetary gain from the fraud.  In addition, Guarino and WSU shall pay post-judgment interest at the Treasury Bill rate prevailing on the date this Order is entered, pursuant to 28 U.S.C. § 1961(a). Post-judgment interest shall accrue on the civil monetary penalty beginning on the date this Order is entered and shall continue until the civil monetary penalty is paid in full.

F.      Payment of the civil monetary penalty shall be made to the Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street, N.W., Washington, D.C. 20581 to the attention of Ms. Dennese Posey.  Payment must be made by electronic funds transfer, U .S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. The payment(s) shall include a cover letter that identifies the Defendants and the name and docket number of this proceeding. The Defendants shall simultaneously

transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

G.  Distribution to the injured customers of the Restitution Amount or any and all other funds collected by the Receiver shall be made by the Receiver as ordered by this Court.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all purposes related to this action.

IT IS SO ORDERED.


Dated:  July 11, 2006            s/ Carlos Murguia
                                 UNITED STATES DISTRICT JUDGE